IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARK DOWDY, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
|    v. | ) | No.  3:12-cv-00335 WDS-SCW |
| | ) | |
| UNITED STATES STEEL CORPORATION, | ) | JURY TRIAL DEMANDED |
| d/b/a GRANITE CITY WORKS, | ) | |
| | ) | |
|    Defendant. | ) | |

## ANSWER TO COMPLAINT

Defendant, United States Steel Corporation ("U. S. Steel"), by the undersigned counsel, answers the Complaint of Plaintiff, Mark Dowdy ("Dowdy"), and states the following:

1.    Based upon information and belief, U. S. Steel admits the averments contained in this paragraph of the Complaint.

2.    U. S. Steel admits that it is a corporation doing business in Madison County. U. S. Steel denies its principal place of business is Granite City, Illinois.  U. S. Steel admits it is an employer as defined in the Illinois Human Rights Act.

3.    U. S. Steel admits the averments contained in this paragraph of the Complaint.

4.    U. S. Steel denies that any retaliatory acts occurred.

5.    U. S. Steel denies the averments contained in this paragraph of the Complaint.

6.    U. S. Steel admits that Plaintiff filed a charge of discrimination/retaliation with the Illinois Human Rights Department (IDHR) and the EEOC.  However, U. S. Steel denies that all actions of which Plaintiff complains were timely filed with the above agencies.  U. S. Steel

denies that all actions of which Plaintiff complains have been filed within the statutory time for filing a lawsuit under the Illinois Human Rights Act.

7. Denied. Plaintiff became employed by U. S. Steel on May 20, 2003, the date when U. S. Steel purchased National Steel's assets out of bankruptcy. However, U. S. Steel agreed to credit National Steel employees with their seniority/years of service from National Steel.

8. U. S. Steel admits the averments contained in this paragraph of the Complaint. By way of further answer, every employee who has twenty years of service gets this award.

9. U. S. Steel lacks knowledge or information sufficient to form a belief about the truth of the averments contained in this paragraph of the Complaint, and therefore they are denied. U. S. Steel specifically denies that it discriminated or retaliated against Plaintiff in any way.

10. Given the lack of specificity in this averment, U. S. Steel lacks knowledge or information sufficient to form a belief about the truth of the averment contained in this paragraph of the Complaint, and therefore it is denied.

11. U. S. Steel admits that Plaintiff asked that an investigation be conducted. U. S. Steel denies the remaining averments contained in this paragraph of the Complaint.

12. U. S. Steel admits that in the late summer of 2008 that Plaintiff was temporarily reassigned to the coke ovens. U. S. Steel denies the remaining averments contained in this paragraph of the Complaint.

13. U. S. Steel admits the averments contained in this paragraph of the Complaint.

14. U. S. Steel admits the averments contained in this paragraph of the Complaint.

15. U. S. Steel denies the averments contained in this paragraph of the Complaint.

16. U. S. Steel denies the averments contained in this paragraph of the Complaint.

17. U. S. Steel denies the averments contained in this paragraph of the Complaint. By way of further answer, a number of factors were considered in recalling employees, especially relevant experience in the job that needed to be filled.

18. U. S. Steel denies the averments contained in this paragraph of the Complaint. Neither disability nor perceived disability played any role in recall from layoff.

19. U. S. Steel denies the averments contained in this paragraph of the Complaint.

20. U. S. Steel denies the averments contained in this paragraph of the Complaint.

21. U. S. Steel denies the averments contained in this paragraph of the Complaint.

22. U. S. Steel denies the averments contained in this paragraph of the Complaint.

23. U. S. Steel denies the averments contained in this paragraph of the Complaint.

24. U. S. Steel denies the averments contained in this paragraph of the Complaint.

25. U. S. Steel denies the averments contained in this paragraph of the Complaint.

26. U. S. Steel denies the averments contained in this paragraph of the Complaint.

27. U. S. Steel denies that jurisdiction and venue lie in the Circuit Court, Third Judicial Circuit, Madison County, Illinois. U. S. Steel admits jurisdiction and venue are proper in the U. S. District Court for the Southern District of Illinois.

WHEREFORE, U. S. Steel denies that Plaintiff is entitled any relief whatsoever. Defendant prays that Plaintiff takes nothing by way of his Complaint, for the costs of this action, and all other just and proper relief.

**<u>AFFIRMATIVE DEFENSES</u>**

For its Affirmative Defenses to Plaintiff's Complaint, U. S. Steel states as follows:

1. The complaint fails to state claims against U. S. Steel upon which relief can be granted.

2. Plaintiff failed to comply with the administrative prerequisites to suit and failed to exhaust all administrative remedies.

3. U. S. Steel's actions were in all respects based upon legitimate, non-discriminatory reasons and job-related standards consistent with business necessity.

4. U. S. Steel's actions were based on reasonable, non-discriminatory factors.

5. All or part of Plaintiff's claims are barred by the applicable statutes of limitations.

6. U. S. Steel acted in good faith.

7. Plaintiff's claims are barred by the Doctrines of Laches, Waiver and/or Estoppel.

8. Plaintiff has failed to mitigate his damages.

WHEREFORE, Defendant prays that Plaintiff takes nothing by way of his Complaint, for the costs of this action, and all other just and proper relief.

Respectfully submitted,

HEPLER BROOM, LLC

*/s/ Michael Reda*
Michael Reda--#06184782
mxr@heplerbroom.com
Matthew Champlin—#6282642
mbc@heplerbroom.com
Attorneys for Defendants
130 N. Main Street
Edwardsville, IL 62025
Telephone: 618/656-0184
Fax: 618/656-1364

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on **May 25, 2012**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system which will send notification to the following:

**Lee Barron –** **barronatty@aol.com; susan@leebarronlaw.com**

Attorney for Plaintiff

By: */s Michael Reda*